# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Abraham Sigurd Lee,                                    Civ. No. 24-2468 (JWB/TNL)

        Plaintiff,

v.                                                     **ORDER ACCEPTING REPORT**
                                                       **AND RECOMMENDATION OF**
Misty Hicks, Randy Hicks, Yusuf                        **MAGISTRATE JUDGE**
Jama, Michael Hicks, Amy Jelly,
Kevin Barnes, Travis Powell, Joseph
Barnes, Octavia Powell, Amber
Nedaeu, Amber Suronen, Danny
Suronen, Darnell Jones Danielle Isle,
Lisa Anderson, Sara Duffy; Larry Locke
and Killy Perce,

        Defendants.

On June 25, 2024, Plaintiff Abraham Sigurd Lee filed a Complaint alleging Defendants had defamed him, as well as accessed his bank account and social security and veterans benefits without his consent. (Doc. No. 1) Lee also filed an Application to Proceed in District Court without Prepaying Fees or Costs. (Doc. No. 3.) Magistrate Judge Tony N. Leung prescreened the Complaint and issued a Report and Recommendation ("R&R") finding Lee had failed to sufficiently plead a basis to infer subject matter jurisdiction over the case. (*See* Doc. No. 12.) Lee objected to the R&R in the period permitted. (Doc. No. 13.) For the reasons stated below, Lee's objection is overruled, the R&R is accepted, and the Complaint is dismissed without prejudice.

## BACKGROUND

While Lee did not set forth any specific causes of action in his Complaint, he broadly alleges Defendants: (1) accessed his bank account and veterans and social security benefits without his consent; (2) defamed him; and (3) engaged in wide-ranging criminal activity. (Doc. No. 1 at 1–2.) The Magistrate Judge found the Complaint to be jurisdictionally deficient, as Lee failed to provide factual matter to reasonably infer a federal cause of action or that Lee was diverse in terms of state citizenship from each Defendant. (Doc. No. 12 at 4–7.) Lee also made no claim that the amount in controversy exceeds $75,000. (*See id.* at 5.)

## ANALYSIS

### I.    Standard of Review

The portions of the R&R to which a party objects are reviewed de novo and the recommendations made by the magistrate judge may be accepted, rejected, or modified, in whole or in part. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). When a plaintiff is pro se, his or her submissions are entitled to liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A petition must provide sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This requires a petition to contain enough factual allegations to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether a petition states a claim, courts accept well-pled allegations as true and draw all reasonable inferences in the plaintiff's favor. *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444

(8th Cir. 2014). However, legal conclusions, unsupported conclusions, unwarranted inferences, and sweeping legal conclusions couched as factual allegations may be ignored. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002).

## II.    Lee's Complaint does not state a plausible claim for relief

Lee objects to the R&R's conclusion regarding original jurisdiction by citing the Eighth and Fourteenth Amendments. (Doc. No. 13 at 2–3.) Setting aside that the Eighth and Fourteenth Amendments do not themselves supply a private right of action, Lee does not provide a reasonable basis to infer Defendants are state actors or that he is complaining of state action. *Montano v. Hedgepeth*, 120 F.3d 844, 851, 848 (8th Cir. 1997) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937–39 (1982)). Thus, there is no basis to plausibly believe there is original federal jurisdiction over Lee's claims. *See Gardner v. First Am. Title Ins.*, 294 F.3d 991, 993–94 (8th Cir. 2002) ("[Fed. R. Civ. P. 8(a)(1)] provides that a pleading setting forth a claim for relief must include 'a short and plain statement of the grounds upon which the court's jurisdiction depends.'").

The R&R maintains Lee failed to "identify his state of citizenship prior to his incarceration." (Doc. No. 12 at 5–6.) But Lee did represent he is a Minnesota resident. (*See* Doc. No. 10 at 1.) He also alleged in another filing in the case, however, that several Defendants are citizens of Minnesota. (Doc. No. 14 at 1–2.) Therefore, it cannot be reasonably inferred that Lee is diverse in terms of state citizenship from each Defendant. *See Gardner*, 294 F.3d at 993–94.

Therefore, Lee's objection is overruled, the R&R is accepted, and the Complaint is dismissed without prejudice.

3

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in the case,

**IT IS HEREBY ORDERED** that:

1.      Plaintiff Abraham Sigurd Lee's Objection to the Report and Recommendation (Doc. No. 13) is **OVERRULED**;

2.      Plaintiff's Amended Motion to Establish Jurisdiction (Doc. No. 14) is **DENIED**;

3.      The Report and Recommendation (Doc. No. 12) is **ACCEPTED**;

4.      Plaintiff's Complaint (Doc. No. 1) is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1);

5.      Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. No. 3) is **DENIED**;

6.      Plaintiff's Motion to Grant Relief and to be Appointed Civil Public Defender (Doc. No. 8) is **DENIED AS MOOT**; and

7.      Plaintiff's Motion to Establish Jurisdiction and Grant Immediate Relief (Doc. No. 10) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: December 5, 2024                    *s/ Jerry W. Blackwell*
                                          JERRY W. BLACKWELL
                                          United States District Judge

4